NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-16825 |
| Plaintiff-Appellee, | D.C. Nos. 3:16-cv-03483-WHA |
| v. | 3:08-cr-0730-WHA-26 |
| ARISTIDES CARCAMO, AKA Indio, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submission Withdrawn February 26, 2019
Submitted July 19, 2019[**]
San Francisco, California

Before: McKEOWN, W. FLETCHER, and MURGUIA, Circuit Judges.

Aristides Carcamo was one of twenty-nine defendants charged with multiple

offenses connected to their membership in the gang racketeering organization, La

Mara Salvatrucha, or MS-13. In 2011, Carcamo pled guilty to conspiracy to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violate the Racketeer Influenced and Corrupt Organizations Act ("RICO conspiracy") and conspiracy to commit murder in aid of racketeering ("VICAR conspiracy"). *See* 18 U.S.C. §§ 1959(a)(5), 1962(d). Carcamo also pled guilty to two other charges, including violating 18 U.S.C. § 924(c) for possessing or carrying a fireman in furtherance of a "crime of violence." The § 924 charge relied on the RICO and VICAR conspiracies. Following *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), Carcamo moved under 28 U.S.C. § 2255 to vacate his § 924(c) conviction and accompanying five-year mandatory sentence. We have jurisdiction under 28 U.S.C. §§ 1291, 2253(a), and 2255(d).

The only issues on appeal are whether Carcamo is entitled to relief under § 2255 because 18 U.S.C. § 924(c)(3)'s "residual" clause is void for vagueness and whether his petition is timely.[1] The answer to both these questions is yes.

The Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), settles both issues on appeal. In *Davis*, the Court determined that § 924(c)'s residual clause, 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague and therefore void. In light of *Davis*, we also resolve any issues of timeliness in

---

[1] The district court only analyzed whether the residual clause was void for vagueness. On remand, the district court may consider, in the first instance, the government's argument that Carcamo's § 2255 petition should be denied under § 924(c)(3)(A), the "force" or "elements" clause.

2

Carcamo's favor.

**REVERSED and REMANDED.**